UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

PAUL JOSEPH,

                            Plaintiff,        **SECOND AMENDED**
                                                **COMPLAINT AND**
             -against-                         **JURY DEMAND**

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, POLICE OFFICER JEROME J.
TEAHAN, SHIELD NO. 17587, POLICE OFFICER       DOCKET # 07 CV 1292 (JMA)
ADAM WRIGHT, SHIELD NO. 28142, POLICE
OFFICER MICHAEL BARRA, SERGEANT ADRIAN       ECF CASE
ASHBY, POLICE OFFICERS JOHN DOE #1-2,

                                 Defendants.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a December 18, 2005 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, unlawful retention of seized property, excessive force, assault and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in New York County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual and official capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On December 18, 2005, at approximately 12:01 A.M., plaintiff was arrested at E. 31st and Tilden Avenue. He was brought to the 67th precinct, where he was assaulted, battered, subjected to excessive force, and strip-searched.

14. Charges were dismissed in plaintiff's favor.

15. Plaintiff was deprived of an amount of money and his cell phone following his detention and dismissal of the charges.

16. Defendants failed to provide notice or any record of the correct amount of cash seized or of his cell phone.

17. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the

United States Constitution to be free from an unreasonable search and seizure of his person;

b.     Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c.     Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.     Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e.     Physical pain and suffering, requiring the expenditure of money for treatment;

f.     Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

g.     Loss of liberty;

h.     Attorney's and court fees.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

20.    The above paragraphs are here incorporated by reference.

21.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

22.    Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

23.    Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

24. The above paragraphs are here incorporated by reference.

25. The City, the Commissioner and the Deputy Inspector are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

26. The City, the Commissioner and the Deputy Inspector knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

27. The aforesaid event was not an isolated incident. The City, the Commissioner and the Deputy Inspector have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid using excessive force. The City, the Commissioner and the Deputy Inspector are further aware, from the same sources, that NYPD officers routinely ignore the necessary predicates for using force. The City, the Commissioner and the Deputy Inspector fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search, seizure and use of force practices and incredible testimony go uncorrected. Additionally, The City, the Commissioner and the Deputy Inspector have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, the Commissioner and the Deputy Inspector are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice,

the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

28. The City, the Commissioner and the Deputy Inspector knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, The City, the Commissioner and the Deputy Inspector failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

29. The City, the Commissioner and the Deputy Inspector have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

30. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of The City, the Commissioner and the Deputy Inspector to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

31. Defendants The City, the Commissioner and the Deputy Inspector have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

32. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the The City, the Commissioner and the Deputy Inspector.

### THIRD CAUSE OF ACTION
(ASSAULT)

33. The above paragraphs are here incorporated by reference.

34. Upon approaching, arresting, and striking plaintiff, defendants made plaintiff fear for

his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

35. Defendants have deprived plaintiff of his civil, constitutional and statutory rights, conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

36. Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
(BATTERY)

37. The above paragraphs are here incorporated by reference.

38. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

39. Defendants used excessive and unnecessary force with plaintiff.

40. Defendants have deprived plaintiff of his civil, constitutional and statutory rights, conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

41. Plaintiff was damaged by defendants' assault.

### FIFTH CAUSE OF ACTION
(UNLAWFUL RETENTION OF PROPERTY)

42. All preceding paragraphs are here incorporated by reference.

43. Defendants failed to provide notice or a record of plaintiff's property, an amount of cash and a cell phone, when they seized it from his person.

44. Defendants failed to return his property when the charges against him were dismissed.

45. Defendants have deprived plaintiff of his civil, constitutional and statutory rights, conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the

New York State Constitution.

46. Plaintiff was damaged by defendants' failure to return his property.

## SIXTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

47. All preceding paragraphs are here incorporated by reference.

48. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

49. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SEVENTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

50. The preceding paragraphs are here incorporated by reference.

51. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

52. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

  C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
    December 3, 2007

TO: New York City
  Corporation Counsel Office
  100 Church Street, 4th floor
  New York, NY  10007

  Police Commissioner Raymond W. Kelly
  1 Police Plaza
  Room 1406
  New York, NY 10006

  Police Officer Jerome J. Teahan, Shield #17587
  67th Precinct
  2820 Snyder Ave.
  Brooklyn NY 11216

  Police Officer Adam Wright, Shield #28142
  67th Precinct
  2820 Snyder Ave.
  Brooklyn NY 11216

  Police Officer Michael Barra
  Shield No. 03537
  67th Detective Squad
  2820 Snyder Avenue
  Brooklyn NY 11226

  Sergeant Adrian Ashby
  Shield 343
  63rd Detective Squad
  1844 Brooklyn Avenue
  Brooklyn New York 11210

Yours truly,

*[signature]*

By: Cynthia Conti-Cook
Bar #CC0778
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
71 Nevins Street
Brooklyn, NY  11217
(718) 852-3710
(718) 852-3586
cynthiaconticook@gmail.com